UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Rita Paque,

    Plaintiff

v.

Galaxy Theatres, LLC,

    Defendant

Case No. 2:22-cv-02181-CDS-VCF

Order Granting Plaintiff's Motion to Remand to State Court and Closing Case

[ECF No. 5]

  Plaintiff Rita Paque moves to remand this slip-and-fall action to Nevada's Eighth Judicial District Court based on (1) an allegedly deficient removal, and, in the alternative, (2) an insufficient amount in controversy for purposes of diversity jurisdiction. Defendant Galaxy Theatres, LLC, the removing party, opposes remand. Because I find that Galaxy Theatres removed the case after the deadline for removal had already elapsed, removal was improper. And even if the removal were timely, Galaxy Theatres fails to demonstrate that the amount in controversy exceeds $75,000. As there is no valid basis for removal or for diversity jurisdiction, this matter must be remanded to state court.

I.   **Removal was untimely.**

  Removal was neither appropriate under 28 U.S.C. § 1446(b)(1) nor (b)(3). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1); *see also HSBC Bank USA Nat'l Assoc. v. Manguin*, 2017 WL 955179, at *1 (D. Nev. Mar. 10, 2017) ("Removal was untimely because [defendants] were required to remove the case within 30 days of service of the summons and complaint."). But Galaxy Theatres did not remove this case within 30 days of

receipt of the summons and complaint. Paque filed her state-court complaint on August 25, 2022. ECF No. 1-2 at 1. The affidavit of service indicates that service was effectuated on Galaxy Theatre's registered agent on September 8, 2022. ECF No. 1-3 at 1. Galaxy Theatres responded to the complaint via answer and demand for jury trial in state court—it filed both on September 28, 2022. ECF Nos. 1-4, 1-5. It did not remove the action to this court until December 30, 2022. ECF No. 1. The removal statute requires the removing party to file notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of the summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). Thirty days after the defendant's receipt of the initial pleading (the complaint) would have been October 8, 2022. Because the notice of removal was not filed until December 30, 2022, removal was therefore untimely under § 1446(b)(1).

However, the removal statute provides an alternative deadline for removal in some instances: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The parties disagree as to when Galaxy Theatres received a "motion" or "other paper" from which it could have first ascertained that the case had become removable. Paque argues that Galaxy Theatres should have ascertained the amount in controversy either from her complaint (ECF No. 1-3), which was served on September 8, 2022, or from her request for exemption from arbitration (ECF No. 1-6), which was filed on September 30, 2022. ECF No. 5 at 3–4. Galaxy Theatres argues that Paque's initial disclosure of documents and witnesses (ECF No. 5-5) demonstrated a sufficient amount in controversy for removal to federal court. ECF No. 7 at 3. And "information relating to the

amount in controversy in the record of the [s]tate proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

While discovery responses like Paque's initial disclosure could support a determination of the amount in controversy, the disclosure here provides no more relevant information than did the request for exemption from arbitration. The request for exemption from arbitration claims that Paque's case "has a probable jury award value in excess of $50,000" based on $43,461.19 in past medical specials combined with the still-pending medical expenses and future cost of treatment. ECF No. 1-6 at 2. The initial disclosure, too, claims $43,461.19 in past medical expenses, but also states "TBD" with respect to pain-and-suffering damages, litigation fees, and pre-judgment interest. ECF No. 5-5 at 4.

When a plaintiff contests a defendant's allegation that it has met its burden in demonstrating a sufficient amount in controversy, then removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). Galaxy Theatres was informed of Paque's damages calculation—to determine the amount in controversy—on September 30, 2022, when it received her request for exemption from arbitration. The only additional entry in Paque's initial disclosure of documents and witnesses that could affect the amount in controversy is the line regarding unspecified pain-and-suffering damages. Because Galaxy has not proven, by a preponderance of the evidence, that the unspecified pain-and-suffering damages constitute the $31,538.82 that would be required to meet the amount-in-controversy threshold for removal to be proper, I find that Galaxy Theatres should have petitioned for removal within thirty days of its receipt of the exemption from arbitration (by October 30, 2022). It did not do so, and removal was thus improper.

3

II.     **Even if removal were timely, Galaxy Theatres does not demonstrate a sufficient amount in controversy.**

I further analyze the initial disclosure of documents and witnesses to illustrate that it cannot function as an operative pleading for the purposes of 28 U.S.C. § 1446(c)(3). Even if removal could have been proper within thirty days of its filing, the initial disclosure fails to establish a sufficient amount in controversy to establish diversity jurisdiction. Galaxy Theatres has the burden to demonstrate that Paque's unspecified requests for monetary relief equal at least $31,538.82. *See id.* § 1332(a) (requiring the amount in controversy to exceed $75,000). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A removing party must provide specific, factual allegations showing how the case in controversy exceeds $75,000, *id.*, and it may not rely on speculation to demonstrate that the amount is met. *Roberts v. Walmart Inc.*, 2019 WL 4696400, at *2 (D. Nev. Sept. 26, 2019).

Galaxy Theatres relies both on speculation and a misapplication of well-established law to determine the amount in controversy from the initial disclosure. First, Galaxy Theatres suggests that attorneys' fees can be added to the amount in controversy. ECF No. 7 at 6. But "future attorneys' fees are only included in the amount in controversy [] if the underlying statute authorizes such an award." *SFR Invs. Pool 1, LLC v. Bank of Am.*, 2022 WL 16920367, at *4 (D. Nev. Nov. 14, 2022) (citing *Fritsch v. Swift Transp. Co. of Ariz*, 899 F.3d 785, 788 (9th Cir. 2018) ("[I]f a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy[.]")); *Cayer v. Vons Cos.*, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017) (stating that this court considers attorneys' fees to be included within the amount in controversy if the removing party identifies an applicable statute which could authorize such an award and provides an estimate as to fee calculation). Because Galaxy Theatres does not identify the applicable statute or contract that

provides for attorneys' fees in this case, its estimations as to such fees cannot act as a basis for increasing the amount in controversy.

Further, Galaxy Theatres argues that "it is reasonable to attribute a multiplier of 1 ($43,000) to the amount of [p]laintiff's pain and suffering" such that the amount-in-controversy requirement is satisfied. ECF No. 7 at 8. But the simple assertion that Paque reported a "10 out of 10 on the pain scale" does not evince an additional $43,000 in damages. *See Miller v. Mich. Millers Ins. Co.*, 1997 WL 136242, at *5 (N.D. Cal. Mar. 12, 1997) ("[I]n the absence of papers suggesting [a] claim will yield an adequate amount in controversy, the court will not speculate as to the damages potentially embodied in plaintiffs' vague request for emotional distress."); *cf. Maranon v. Blazing Wings, Inc.*, 2018 WL 11444971, at *2 (D. Nev. Sept. 24, 2018) (finding amount in controversy satisfied by letter providing detailed estimates of plaintiff's request for pain-and-suffering damages). Because the removing party must present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), and Galaxy Theatres provides no evidence beyond its own conjecture regarding a potential pain-and-suffering award, I find that it has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000 in this case. This court therefore lacks subject-matter jurisdiction over this matter, and it must be remanded.

### III.   Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to remand **[ECF No. 5]** is **GRANTED**. The Clerk of Court is directed to **REMAND** this case to the Eighth Judicial District Court for the State of Nevada, Case No. A-22-857466-C, Department 23, and to **CLOSE THIS CASE**.

DATED: May 2, 2023

_____
Cristina D. Silva
United States District Judge